IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IBERIABANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:12-cv-639-MEF |
| | ) | (WO – Do Not Publish) |
| WILLIAM R. POLK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court are two motions.  The first is a Motion to Withdraw (Doc. #26), filed by Ms. Marianne Combs ("Ms. Combs"), counsel for Defendant William R. Polk ("Mr. Polk"), on behalf of herself and Mr. Max Moseley ("Mr. Moseley").  As grounds for her motion, Ms. Combs states that (1) there is a conflict of interest that prevents her firm, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC ("Baker Donelson"), from continuing to represent Mr. Polk, and this conflict cannot be resolved; and (2) Mr. Moseley has left his employment with Baker Donelson.  On February 26, 2013, the Court held a telephonic status conference with counsel for all parties and Mr. Polk.  During the status conference, Mr. Moseley agreed for the Motion to Withdraw to be filed on his behalf by Ms. Combs.  Thus, the Court construes Ms. Combs's motion as having been joined by Mr. Moseley.  For good cause shown, it is hereby ORDERED that the Motion to Withdraw (Doc. #26) is GRANTED.

At the February 26, 2013 status conference, Mr. Polk indicated that he intends to

1

obtain new counsel to represent him in this matter.  So that the parties may continue their discovery efforts, it is hereby ORDERED that Mr. Polk, with the assistance of counsel for Defendant Polk Family Properties, LLC, file a status report on or before **March 29, 2013**, which updates the parties and the Court on Mr. Polk's progress in obtaining new counsel.

Regarding the second motion, Mr. Polk's Motion to Continue (Doc. #27), the Court finds that the motion is due to be GRANTED PART and DENIED IN PART to give Mr. Polk the time necessary to obtain new counsel.  The motion is granted to the extent that it requests a continuance of the dispositive motions and discovery deadlines in this case, but it is denied to the extent that it requests a continuance of the pretrial conference and trial settings.  Accordingly, for good cause shown, it is hereby ORDERED that:

(1) The parties' deadline for filing dispositive motions, currently set to expire on March 13, 2013, pursuant to the Scheduling Order in this case (Doc. #25), is CONTINUED through and including **May 13, 2013**; and

(2) The parties' deadline for completing discovery, currently set to expire on May 15, 2013, is CONTINUED through and including **July 15, 2013**.

DONE this the 1st day of March, 2013.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE

2